UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
JOHN LOWRY et al.,                                                :
:
                            Plaintiffs,         :
:         21-CV-7861 (JMF)
        -v-                                                        :
:         OPINION AND ORDER
GABRIEL EDELMAN et al.,                                           :
:
                            Defendants.         :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        John Lowry ("Plaintiff Lowry") and Morton Appleton, Peter Appleton, Ana Matos Appleton, Jacob Appleton Irrevocable Trust, and William Appleton Irrevocable Trust (collectively, the "Appleton Plaintiffs") brought this action for breach of contract and fraud against Gabriel Edelman and several of his corporate entities. *See* ECF No. 116 ("Third Amended Complaint"). On March 6, 2022, Edelman declared bankruptcy, and the case has since been stayed as to him. *See* ECF Nos. 69-70. On October 7, 2022, and December 21, 2022, however, the Court entered default judgment as to liability against the corporate Defendants. *See* ECF Nos. 197, 211. The Court then referred the case to Magistrate Judge Wang "for an inquest . . . to determine damages" against the defaulting Defendants. ECF No. 212. Magistrate Judge Wang filed a Report and Recommendation on February 15, 2024, ECF No. 224 ("R&R"), and a Supplemental Report and Recommendation on March 13, 2024, ECF No. 234 ("Supp. R&R"), which — as discussed below — the Court construes as recommending denial of any damages due to Plaintiffs' failure to timely submit evidence to support the damages they seek. *See also* ECF Nos. 225 & 235. Plaintiffs timely filed objections. *See* ECF Nos. 238-239; *see also* ECF

Nos. 227, 229.  For the reasons that follow, Plaintiffs' objections are overruled, Magistrate Judge Wang's Report and Recommendations are adopted insofar as they recommend denial of any damages, and the Court awards Plaintiffs no damages from the corporate Defendants.

**BACKGROUND**

The relevant story begins on December 21, 2022, when the Court, having entered default judgment as to liability with respect to the corporate Defendants, referred the case to Magistrate Judge Wang for an inquest as to damages.  The next day, Magistrate Judge Wang issued an Order setting a deadline of January 27, 2023, for Plaintiffs to "file (1) proposed findings of fact and conclusions of law, and (2) an inquest memorandum setting forth proof of damages."  ECF No. 213 ("Dec. 22, 2022 Order").  She further instructed, in no uncertain terms, that "Plaintiffs' proposed damages figures should be supported by documentary evidence and/or one or more affidavits establishing the proposed figures.  Plaintiffs must also include documentation supporting any requested attorneys' fees and costs."  *Id.*  The same Order provided: "The Court hereby notifies the parties that it may conduct this inquest solely on the written submissions of the parties . . . .  If any party seeks an evidentiary hearing on damages, such party must include the request in its papers, as well as provide reasons why a hearing is necessary and detail what types of additional evidence would be presented at the hearing."  *Id.*

On January 26, 2023 — one day before the deadline — Plaintiffs filed a joint letter motion seeking an extension until February 17, 2023, citing the need for "sufficient time to coordinate with our respective clients, perform the necessary research and continue our efforts in the related bankruptcy proceeding of Gabriel Edelman, and the adversary proceedings initiated against him."  ECF No. 214.  Magistrate Judge Wang granted the request.  ECF No. 215.  On February 16, 2023 — one day before the extended deadline — Plaintiffs once again sought an

extension, this time until March 9, 2023, citing the same reasons (indeed, using the same words) and adding the following: "Unfortunately, our respective clients have been traveling and/or difficult to reach over the past several weeks." ECF No. 216. Magistrate Judge Wang granted this request as well. ECF No. 217. On cue, Plaintiffs sought yet another extension on March 8, 2023 — one day before the extended deadline — repeating the reasons noted in their first and second requests and adding that counsel for Plaintiff Lowry also "had to attend to an ongoing personal matter." ECF No. 218. Magistrate Judge Wang granted this request too. ECF No. 219. On March 30, 2023 — the *day of the now thrice-extended deadline* — Plaintiffs sought yet another extension until April 20, 2023, by way of a letter virtually identical to their three other requests. ECF No. 220. Magistrate Judge Wang granted the request but cautioned that "[n]o further extensions" would be granted "absent exceptionally good cause." ECF No. 221.

On April 20, 2023, the Appleton Plaintiffs made their submissions. ECF No. 221-1. On April 21, 2023 — one day late — Plaintiff Lowry made his submissions. ECF No. 223. Significantly, however, neither filed any "inquest memorandum setting forth proof of damages." Dec. 22, 2022 Order. Nor did they submit *any* evidence whatsoever in support of a damages award. Instead, their substantive submissions were limited to proposed findings of fact and conclusions of law. ECF Nos. 222-1 & 223. The Appleton Plaintiffs also submitted a two-page letter, but this letter cited no proof of damages and simply stated at the end that "[a]n affidavit from lead plaintiff Morton Appleton will be supplied to support the enclosed. Due to logistical and practical challenges, this could not be finalized in time for this submission." ECF No. 222. For his part, Plaintiff Lowry simply inserted a footnote stating that "[a]n affidavit executed by Lowry will be filed in the near future. Logistical difficulties caused delay." ECF No. 223, at 2 n.1. *None* of Plaintiffs' filings requested an "evidentiary hearing on damages," let alone

3

"provide[d] reasons why a hearing [was] necessary" or "detail[ed] what types of additional evidence would be presented at the hearing." Dec. 22, 2022 Order.

On February 15, 2024, Magistrate Judge Wang issued her Report and Recommendation. Notably, although nearly ten months had passed since Plaintiffs' four-time-extended deadline, Plaintiffs had not submitted any supplemental evidence, let alone the affidavits from Morton Appleton and Lowry that had been promised "in the near future." ECF No. 223, at 2 n.1. In her Report and Recommendation, Magistrate Judge Wang observed that Plaintiffs had "not provided competent evidence to support their damages claimed" and that "[e]ven their proposed findings of fact and conclusions of law [were] inconsistent." R&R 21. Nevertheless, she provided provisional calculations of damages for each Plaintiff "in the event Plaintiffs file evidentiary support in connection with their objections to the Report and Recommendation." *Id.* at 22 & n.18. "As an alternative recommendation," Magistrate Judge Wang "recommend[ed] a denial of any award in light of Plaintiffs' haphazard and incomplete filings." *Id.* at 22 n.18.

Five days later, on February 20, 2024, the undersigned issued an Order noting Magistrate Judge Wang's "alternative[]" recommendation and stating that it would "treat Magistrate Judge Wang's Report and Recommendation as recommending denial of any damages award unless Plaintiffs file timely objections together with adequate evidence to substantiate the provisionally recommended damages award." ECF No. 225. The Court explicitly instructed that, "[i]n any such filing, Plaintiffs shall address why the Court should entertain new evidence at this stage of litigation — that is, why, despite having had numerous opportunities to offer supporting evidence and failing to do so, they should be given yet another opportunity to carry their burden." *Id.*

On February 29, 2024 (after a last-minute request for yet another extension from Plaintiff

4

Lowry, ECF No. 226, which the Court denied, ECF No. 228), Plaintiffs filed objections, styled as motions for reconsideration, along with some purported documentary evidence, *see* ECF Nos. 227, 229; *see also* 233 (corrected filing).  Plaintiff Lowry proffered that his failure to submit evidence previously should be excused as a "reasonable misunderstanding of the Court's instructions" because counsel had, based on prior experience and the Court's referral order, "believed that an evidentiary hearing would be conducted prior to Judge Wang issuing her recommendations."  ECF No. 229, at 1-2.  Along similar lines, the Appleton Plaintiffs noted that it had been their "understanding" — from "discussions with" the undersigned "prior to the referral" — that there would be "an evidentiary hearing on the damages amount . . . .  Thus, we had expected to present all that is being presented in this filing, to the Court at that time."  ECF No. 227, at 2.

     On March 1, 2024, the Court re-referred the matter to Magistrate Judge Wang "for a supplemental report and recommendation addressing whether and to what extent Plaintiffs' belated submissions should be considered . . . and what impact, if any, those submissions have on her previous recommendations."  ECF No. 232, at 2.  The Court noted that, with one exception not relevant here, "the record [was] now closed and no further submissions [would] be accepted or considered."  *Id.*  In a footnote, the Court pointedly noted that Plaintiffs' proffered explanations for "their failure to previously submit documentary evidence . . . border[ed] on frivolous" because "Magistrate Wang's Order dated December 22, 2022, [had] made clear that 'Plaintiffs' proposed damages figures should be supported by documentary evidence and/or one or more affidavits establishing the proposed figures' and [had] 'notifie[d] the parties that [Magistrate Judge Wang] may conduct this inquest solely on the written submissions of the parties.'"  *Id.* at 2 n.1 (quoting Dec. 22, 2022 Order).  Nevertheless, the Court "reserve[d]

5

judgment on whether or to what extent Plaintiffs' submissions should nevertheless be considered." *Id.*

On March 13, 2024, Magistrate Judge Wang issued her Supplemental Report and Recommendation. Magistrate Judge Wang observed that, despite this Court's Order of February 21, 2024, *see* ECF No. 225, Plaintiffs had "not addressed why the Court should now entertain proof of damages." Supp. R&R 2. Addressing Plaintiffs' claims that their failures to submit proof of damages had been the result of a misunderstanding or confusion, Magistrate Judge Wang noted that her very first Order, from December 22, 2022, had "directed Plaintiffs to file their inquest submissions and to file proof of damages . . . ; provided notice that the inquest could be conducted solely on written submissions; and also directed Plaintiffs to request a hearing and to explain why a hearing (as opposed to written submissions), was necessary." *Id.* at 3 (citing Dec. 22, 2022 Order). "Plaintiffs did none of these. The word 'hearing' appears zero times in [their initial] filings . . . . Plaintiffs never sought an evidentiary hearing and it was not reasonable, in the face of a clear order explaining the process to Plaintiffs, for them to expect that the Court would hold a hearing to allow them to present evidence." *Id.* at 3 (citations omitted). As a result, she concluded, Plaintiffs had "relinquished their right to prove damages." *Id.* at 2.

Plaintiffs timely filed objections to the Supplemental Report and Recommendation. *See* ECF Nos. 238-39.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "While a district court, upon receipt of a report and recommendation, *may* receive further evidence, considerations of efficiency and fairness militate in favor of a full

6

evidentiary submission for the Magistrate Judge's consideration." *Rosenberg v. Lakshar-e-Taiba*, No. 10-CV-5381 (DLI), 2017 WL 11647006, at *5 (E.D.N.Y. Mar. 31, 2017) (emphasis added) (cleaned up) (quoting *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998)). Accordingly, "courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." *Id.* (citations omitted) (quoting *Azkour v. Little Rest Twelve, Inc.*, No. 10-CV-4132 (RJS), 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012)). Where the objecting party fails to offer a compelling justification, courts regularly deny leave to supplement the record after a report and recommendation has been issued on an inquest for damages. *See, e.g., Schiff v. Yayi Int'l, Inc.*, No. 15-CV-359 (VSB), 2020 WL 3893345, at *4 (S.D.N.Y. July 9, 2020) (denying leave where the Magistrate Judge "specifically directed [plaintiffs] to file 'an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth proof of their damages,'" and plaintiffs "failed to provide even basic proof of their damages"); *James v. Universal Motown Records, Inc.*, No. 3-CV-4487 (LAK), 2004 WL 2157985, at *1-2 (S.D.N.Y. Sept. 27, 2004) ("Plaintiffs were referred to the Magistrate Judge for an inquest. They submitted proposed findings and conclusions, but no evidence of any damages . . . . There is no good reason why this Court now should give them a second bite at the apple . . . .").

Here, the only explanation Plaintiffs offered for their failure to submit evidence by the four-times-extended deadline — let alone during the ten-month period between that deadline and Magistrate Judge Wang's Report and Recommendation, despite indicating that affidavits were forthcoming — is that they mistakenly believed there would be "an evidentiary hearing on the damages amount" and thus "expected to present all that is being presented in this filing[] to the Court at that time." *See* ECF No. 227, at 2; *see also* ECF No. 229, at 1. Together, they cite three

7

bases for that mistaken belief: (1) the fact that this Court's Order or Reference indicated that it was "being submitted to the Magistrate Judge for the purpose of 'Inquest After Default/Damages *__Hearing__*,'" ECF No. 229, at 1; (2) "counsel's prior experience," *id.*; and (3) because, "[i]n the discussions with Judge Furman prior to the referral, this topic was discussed," ECF No. 227, at 2; *see also* ECF No. 229, at 1 ("This conclusion was further supported by reference to such a hearing by the Court prior to referral to the Magistrate.").

In its Order referring the case to Magistrate Judge Wang for the Supplemental Report and Recommendation, the Court observed that Plaintiffs' explanations "border[ed] on frivolous" but reserved judgment on whether or to what extent their belated submissions should be considered. ECF No. 232, at 2 n.1. As Magistrate Judge Wang's Supplemental Report and Recommendation confirms, Plaintiffs' purported justifications are indeed frivolous — if not outright dishonest. To begin with, there is zero basis to Plaintiffs' suggestion that their belief was justified by "reference to such a hearing by the Court prior to referral to the Magistrate." ECF No. 229, at 1. They do not point to a single instance in which this Court suggested — explicitly or implicitly — that they should expect an opportunity to present evidence at a hearing. Nor could they, as the transcript of the December 20, 2022 default judgment hearing that immediately preceded the inquest referral contains not a single reference to an inquest hearing, either by Plaintiffs or the Court. *See* Transcript of December 20, 2022 Default Judgment Telephone Conference.

Regardless, Magistrate Judge Wang's December 22, 2022 Order was crystal clear that Plaintiffs had to support their proposed damages figures and requested attorneys' fees and costs with "documentary evidence and/or one or more affidavits establishing the proposed figures" and *explicitly* put them on notice that she might "conduct this inquest solely on the written submissions of the parties." Dec. 22, 2022 Order. In fact, the Order went further and specified

8

that, "[i]f any party seeks an evidentiary hearing on damages, such party must include the request in its papers, as well as provide reasons why a hearing is necessary and detail what types of additional evidence would be presented at the hearing." *Id.*  Plaintiffs did not mention (let alone request) a hearing in any of their submissions and seemingly recognized that they were required to submit documentary evidence given their representations that affidavits were forthcoming. *See* ECF No. 222; ECF No. 223, at 2 n.1.  What is more, Plaintiffs never requested or followed up on a hearing in the ten-month window between their submission deadline and Magistrate Judge Wang's initial Report and Recommendation — which would be a remarkable slip indeed if they in fact believed that a hearing would be held before any report and recommendation was issued.  Notably, in their objections to the Supplemental Report and Recommendations, Plaintiffs offer no additional justification for their failure to provide *any* evidence while the record was open, nor do they repeat, elaborate on, or defend their earlier proffered excuse.  *See* ECF Nos. 238-239.  In short, Plaintiffs' sole argument as to why their belated filings should be considered — that they reasonably, but mistakenly believed an evidentiary hearing would be held — falls woefully short.  It is *certainly* not a "compelling justification" for their failure to timely present evidence to support their claims.  *Rosenberg*, 2017 WL 11647006, at *5.

That would be enough to justify denial of any damages to Plaintiffs.  But as Magistrate Judge Wang notes in her Supplemental Report and Recommendation, Plaintiffs' belated filings are also "inconsistent and haphazard."  Supp. R&R 2 n.1.  For instance, while the Appleton Plaintiffs' submissions suggest that their initial investments were approximately $550,000, they "only alleged, at most, $450,000 in total investments . . . , and in their recent filings continue to make no distinction between recovery from Edelman . . . in Bankruptcy Court" (where Plaintiff Lowry and the Appleton Plaintiffs apparently agreed to settle "for $3 million each," *id.* at 2) "and

9

the other entity Defendants here." *Id*. Plaintiff Lowry's affidavit "identifies a single check, dated July 29, 2019, of $35,000 paid to" one of the entity Defendants, with all other investments "identified as being made to Edelman, and no receipt, canceled check or other banking record support[ing] any of the investments in the affidavit." *Id.* at 5. Plaintiff Lowry's attorney's fees submissions consists only of "vague and block-billed invoices," with "not a single time entry that relates only to this action and is specific enough to warrant an award of fees." *Id.* at 8. And on top of that, "the affidavits now submitted were originally filed in the Bankruptcy Court in *July 2023*, and make little distinction between Edelman the individual and the entities he purportedly controlled." *Id.* at 9 (emphasis added).

For all of these reasons, the Court agrees with, and adopts, Magistrate Judge Wang's recommendation that Plaintiffs should not be awarded any damages. *Id.* at 9-10. Put simply, Plaintiffs have fallen well short of providing compelling reasons for the Court to give them a second — or arguably fifth — "bite at the apple." *See James*, 2004 WL 2157985, at *1-2. Indeed, it is especially rich that Plaintiffs ask this Court to excuse their default as to their deadlines when they are seeking to hold Defendants accountable for their default. Plaintiffs have no one to blame for their failings other than themselves (or their counsel).

## CONCLUSION

Accordingly, Plaintiffs' objections are overruled, and Magistrate Judge Wang's Supplemental Report and Recommendation is adopted insofar as it recommends denial of Plaintiffs' motions for reconsideration and "continue[s] to recommend a denial of any award in light of Plaintiffs' haphazard and incomplete filings." Supp. R&R 9-10. The only remaining active claims in this suit are those against Edelman himself, as to whom the case has been automatically stayed pursuant to Section 362 of the Bankruptcy Code. ECF No. 70. In light of

that, the Court finds "there is no just reason for delay" as to the "entry of a final judgment" as to all other remaining Defendants. Fed. R. Civ. P. 54(b). Nor is there reason to keep the case open while it is stayed against Edelman. Accordingly, the case is administratively closed subject to the right of any party to reopen within twenty-one days of the conclusion of the bankruptcy proceeding or the lifting or modification of the automatic stay as applied to this action.

  The Clerk of Court is directed to (1) terminate ECF Nos. 227 & 229; (2) enter judgment consistent with this Order and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to the six defaulting Defendants, Vix Capital Partners, LLC; Latinum Holdings LLC; Edelman Blockchain Advisors; Creative Advancement, LLC; CH Global Inc.; and Euro Credit, LLC; and (3) close this case.

  SO ORDERED.

Dated: April 8, 2024
   New York, New York

                   JESSE M. FURMAN
                   United States District Judge